**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALAN BURKS, et al.**,<br><br>Plaintiffs,<br><br>v.<br><br>**ISLAMIC REPUBLIC OF IRAN,<br>IRANIAN REVOLUTIONARY GUARD<br>CORPS**,<br><br>Defendants. | Case No. 16-cv-1102 (CRC) |

**OPINION AND ORDER**

Plaintiffs are a group of U.S. servicemen (and their families and estates) who were killed or injured in terrorist attacks in Iraq from late 2006 to 2007 involving explosive devices known as explosively formed penetrators ("EFPs"). In its last memorandum opinion in this case, the Court addressed Plaintiffs' motions for a default judgment as to liability and to certify a class under Federal Rule of Civil Procedure 23.[1] To start, with respect to three of the four Plaintiffs, the Court concluded that it had subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act ("FSIA") and that, because Plaintiffs had properly effected service, the Court had personal jurisdiction over Defendant the Islamic Republic of Iran. Memorandum Opinion and Order at 11–23 (ECF No. 65). As for the motion to certify a class, although the Court found that Plaintiffs had satisfied the Rule 23(a) prerequisites to certification, id. at 24–31, it was not convinced that Plaintiffs had shown that common issues predominate over individualized ones or that class treatment would be superior to individual claims, id. at 31–37. Because the Court

---

[1] Because the prior opinion recounted the factual and procedural background of this case in detail, the Court will not restate that information here. See Memorandum Opinion and Order at 2–9 (ECF No. 65).

thought Plaintiffs might be able to allay its concerns about predominance and superiority, it denied their motion for class certification without prejudice to renewal, after a hearing on the matter. Id. at 37–38. As for their motion for a default judgment, the Court denied the motion without prejudice to renewal, following a final ruling on the propriety of class certification. Id. at 38–39. After holding a hearing for Plaintiffs to address the Court's doubts about the Rule 23(b) factors, during which Plaintiffs orally renewed their motion for class certification, the Court has considered Plaintiffs arguments and now definitively denies the motion.

Beginning with predominance, the Court previously expressed concerns that, in addition to individualized determinations with respect to damages, class members (or their deceased family members) would need to establish that they were actually present at the date, time, and location an EFP was employed and that their injuries were actually caused by an EFP. Id. at 33. At least in Plaintiffs' cases, those showings were made through individualized evidence and expert analysis, including the examination of autopsy records, photographs, death certificates, military incident reports, and similar materials. Id. At the hearing, Plaintiffs proposed narrowing the class definition to include only individuals encompassed in their Exhibit 44. That exhibit is a collection of U.S. Central Command ("CENTCOM") data obtained by a Freedom of Information Act records request, representing CENTCOM's tally of EFP-involved detonations and attacks and casualties associated with those events, including detailed information like the date and geographical coordinates of each attack. See PX-44 at 1–4; see also PX-36 (McDonnell Decl.) ¶¶ 16–17. Plaintiffs contend that, because each EFP attack on this list has been thoroughly vetted by CENTCOM and the Department of Defense, PX-36 (McDonnell Decl.) ¶ 19, the list would provide a single, reliable source of individuals whose deaths or injuries can be reliably traced back to an EFP attack, eliminating the need to rely on individual autopsy

records or military incident reports. And, although Plaintiffs concede that PX-44 does not include the names or identifiers of the individuals killed or wounded in the listed attacks, they posit that the government must have already identified the victims and therefore could credibly link their identities to the attacks on the list.

The Court still harbors some doubts that PX-44 alone could constitute a one-stop source of common proof as to class members' identities and the causes of their injuries. For instance, although the government may have records linking the attacks and casualties listed in PX-44 to particular identified individuals, Plaintiffs have not explained whether or how they could obtain that underlying information. Nor do they explain whether that information would come in an easy-to-process format (such as a list of names) or instead a collection of medical and military incident reports that would require Plaintiffs to piece together which individuals match which attacks, presumably through individualized analysis of the underlying records. Despite these doubts, the Court credits Plaintiffs' counsel's representations that, limiting the class to individuals whose injuries are described in PX-44, they could obtain government records that link those data to identified persons. Granting that point, the Court's concerns about individualized identification and causation elements are largely assuaged.

As to Rule 23(b)'s superiority requirement, however, Plaintiffs' proffers at the hearing have not eliminated the Court's reservations that class treatment is not superior to individual lawsuits or other forms of multi-plaintiff EFP actions, which have been brought in meaningful numbers in this district. Memorandum Opinion and Order at 34–35 (ECF No. 65) (citing Karcher v. Islamic Republic of Iran, 396 F. Supp. 3d 12, 14 (D.D.C. 2019); Lee v. Islamic Republic of Iran, 518 F. Supp. 3d 475, 479 (D.D.C. 2021); Plaintiffs' Second Amended Complaint, Estate of Fishbeck v. Islamic Republic of Iran, No. 18-cv-2248-CRC (D.D.C. Sept. 6,

2022), ECF No. 100); see also Pennington v. Islamic Republic of Iran, No. CV19-796 (JEB), 2021 WL 2592910, at *1 (D.D.C. June 24, 2021).  At the hearing, Plaintiffs reiterated their arguments that, notwithstanding the existence of these other actions, many potential EFP victims identified in PX-44 have not sought damages against Iran, despite the passage of time since their injuries and the efforts of lawyers ready to represent them.  Plaintiffs also again suggested that many of these individuals may be unaware that their injuries were caused by EFPs and that class-wide notice could enable class counsel to inform and enlist them.  That may be so, but the Court acknowledged and was unpersuaded by those same arguments in its opinion.  Memorandum Opinion and Order at 36 (ECF No. 65).  As the Court there explained, "the number of litigants who have already sought to hold Iran accountable for EFP attacks suggests that many potential class members are quite aware of these facts and that they have a real potential interest in controlling their own, separate actions."  Id.

In the Court's view, it remains the case that the relatively large amount of damages at stake and the existence of other cases evidencing potential class members' strong motivation to file their own actions weigh heavily against class certification here.  See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 616 (1997) (observing that in actions "involving claims for personal injury and death," individual plaintiffs have "a significant interest in individually controlling the prosecution of" their cases and have "a substantial stake in making individual decisions" (quoting Georgine v. Amchem Prods., Inc., 83 F.3d 610, 633 (3d Cir. 1996))).  In addition to damages, moreover, cases like this one "involving a high degree of emotional involvement" are "rarely suitable for class treatment," as individuals "may wish to sponsor different litigation strategies and approaches."  1 McLaughlin on Class Actions § 5:64 (19th ed.); accord 2 William B. Rubenstein, Newberg & Rubenstein on Class Actions § 4:69 (6th ed.) ("Individual interests

are stronger, and classes are less likely to be certified, when claims are larger or when plaintiffs have an emotional connection to the litigation."). Particularly where the personal stakes are so high, permitting individual lawsuits to come forward "accords with our 'deep-rooted historic tradition that everyone should have his own day in court.'" Rubenstein, supra, § 4:88 (citation omitted). To be sure, the fact that many EFP victims have not brought suit may indicate, as Plaintiffs contend, that they are unaware of the opportunity to seek damages. But given the many successful suits that have been brought, the availability of enterprising counsel seeking to bring them, and the emotionally charged stakes involved, the Court is not prepared to infer that lack of notice is the only (or even predominant) reason all potential claimants have not come forward.

It is true that the mere existence of "large claims will not defeat certification when other factors"—in particular the "cardinal interests of judicial economy and conservation of time and financial resources"—"overwhelmingly indicate that a class action is the superior method for adjudicating the controversy." McLaughlin, supra, § 5:64. But these other factors do not weigh strongly in favor of certification here. Because the question of Iran's responsibility for EFP attacks is largely a settled question in this district, see Karcher, 396 F. Supp. 3d at 30, 56; Lee, 518 F. Supp. 3d at 495–96; Pennington, 2021 WL 2592910, at *3–4, and because other courts in this district have efficiently handled damages calculations in multi-plaintiff EFP actions, Memorandum Opinion and Order at 37 (ECF No. 65), the Court sees little benefit to class treatment compared to the powerful interests in individual control over litigation discussed above. In light of these considerations and others discussed in the Court's prior opinion, the Court has not been persuaded that Rule 23(b)'s superiority requirement has been met.

Last, the Court now revisits the question whether issue certification under Rule 23(c)(4) is appropriate. Because Rule 23(b)'s superiority requirement is not satisfied, the Court cannot certify an issue class with respect to liability under Rule 23(c)(4). Courts are split as to whether common questions of law or fact must predominate over individualized inquiries in order to grant issue certification pursuant to Rule 23(c)(4). See Harris v. Med. Transp. Mgmt., Inc., No. 17-CV-01371 (APM), 2021 WL 3472381, at *7–8 (D.D.C. Aug. 6, 2021). But, although "'Rule 23(c)(4) eases the demands of the predominance requirement' by isolating specific issues for analysis," many courts have concluded that the rule "shifts the focus to Rule 23(b)(3)'s second requirement, superiority." In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig., 341 F.R.D. 128, 170 (D. Md. 2022) (quoting Romig v. Pella Corp., No. 2:14-CV-00433-DCN, 2016 WL 3125472, at *13 (D.S.C. June 3, 2016)); accord Martin v. Behr Dayton Thermal Prods. LLC, 896 F.3d 405, 412–13 (6th Cir. 2018); Harris, 2021 WL 3472381, at *9. Those courts have reasoned that, when Rule 23(c)(4) is used to separate out a single claim or issue as appropriate for class treatment, "the plaintiff must still satisfy all of the requirements of Rule 23(a) and (b)(3) in the context of the claim or issue she seeks to certify." Tillman v. Highland Indus., Inc., No. 4:19-CV-02563-SAL, 2021 WL 4483035, at *18 (D.S.C. Sept. 30, 2021). The isolated issues "presumably predominate" because they have been separated out from individualized questions, but "[a]s a result, the question of issue certification often turns on the superiority requirement." Id. "Superiority therefore functions as a backstop against inefficient use of Rule 23(c)(4)." Martin, 896 F.3d at 413.

The Court agrees with this approach. For the reasons discussed above, the Court has already determined that class treatment of this case as a whole would not be superior to individual or other multi-plaintiff actions. Certifying only the question of Iran's responsibility

for EFP attacks would not change that analysis.  For one, EFP victims' powerful individual interests in pursuing their own cases would still remain.  And the Court sees no reason why certifying the question of liability would promote judicial efficiency relative either to full class certification or to the kind of multi-plaintiff EFP actions that have been routinely brought in this district.  As it is well established in this district that Iran was responsible for EFP attacks in Iraq, certifying that issue offers little savings and does not conserve any judicial resources spent on issues like the calculation of damages.  The Court will therefore decline Plaintiffs' request to certify an issue class under Rule 23(c)(4).

Having now settled the class certification motion, nothing stands in the way of awarding Plaintiffs a default judgment, a conclusion that follows directly from the Court's previous determination that it has jurisdiction over Iran under the FSIA.  See Memorandum Opinion and Order at 39 (ECF No. 65) ("[A] a plaintiff that offers proof sufficient to establish a waiver of sovereign immunity under § 1605A(a) has also established entitlement to relief as a matter of law." (quoting Lee, 518 F. Supp. 3d at 495–96)).  As promised, then, the Court invites Plaintiffs to file a renewed motion for default judgment as to liability.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Renewed Motion to Certify a Class is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:  July 28, 2023