## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALAN BURKS, et al.**, | |
| Plaintiffs, | |
| v. | Case No. 16-cv-1102 (CRC) |
| **ISLAMIC REPUBLIC OF IRAN, et al.**, | |
| Defendant. | |

### MEMORANDUM OPINION

Plaintiffs are a group of U.S. servicemen (and their families and estates) who were killed or injured in terrorist attacks in Iraq from late 2006 to 2007 involving explosive devices known as explosively formed penetrators ("EFPs").[1]  Defendants Islamic Republic of Iran and Iranian Revolutionary Guard Corps (collectively, "Iran") have failed to appear, and default has been entered.  In a prior opinion in this case, the Court addressed Plaintiffs' motions for a default judgment as to liability and to certify a class under Federal Rule of Civil Procedure 23.1.  With respect to three of the four Plaintiffs, the Court concluded that it had subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act ("FSIA") and that, because Plaintiffs had properly effected service, the Court had personal jurisdiction over Iran.  Burks v. Islamic Republic of Iran ("Burks I"), No. 16-CV-1102 (CRC), 2022 WL 20588923, at *6–11 (D.D.C. Sept. 30, 2022).  The Court denied Plaintiffs' motion to certify a class without prejudice to renewal, however, because it "remain[ed] unconvinced about the relative benefits of class certification."  Id. at *17.  Plaintiffs then filed a renewed motion for class certification.  In its

---

[1] Because the Court's September 30, 2022 opinion recounted the factual and procedural background of this case in detail, the Court will not restate that information here.  See Memorandum Opinion and Order at 2–9 (ECF No. 65).

most recent opinion and order, the Court held that Plaintiffs had not meet Rule 23(b)'s superiority requirement in their renewed submission.  Opinion and Order at 3 (ECF No. 66).  Plaintiffs' proffers at the motion hearing did not "eliminate the Court's reservations that class treatment is not superior to individual lawsuits or other forms of multi-plaintiff EFP actions, which have been brought in meaningful numbers in this district."  Id.  Accordingly, the Court denied Plaintiffs' renewed motion for class certification.

In its last opinion, the Court further observed that "nothing stands in the way of awarding Plaintiffs a default judgment, a conclusion that follows directly from the Court's previous determination that it has jurisdiction over Iran under the FSIA."  Id. at 7.  Plaintiffs were therefore invited to file a renewed motion for default judgment as to liability, which they have done.  The Court will now grant the motion.

## I.     Legal Standards

Foreign states are generally immune from suit in federal court, subject to exceptions codified in the Foreign Sovereign Immunities Act.  See 28 U.S.C. § 1604; see also Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439 (1989) ("[T]he FSIA provides the sole basis for obtaining jurisdiction over a foreign state in federal court . . . .").  Relevant here is the FSIA's "terrorism exception," which gives federal courts jurisdiction over suits where plaintiffs seek money damages from a foreign state for "personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act."  28 U.S.C. § 1605A(a)(1).

A plaintiff seeking default judgment must persuade the trial court that subject matter jurisdiction and personal jurisdiction over the defendant are satisfied.  Thuneibat v. Syrian Arab Republic, 167 F. Supp. 3d 22, 33 (D.D.C. 2016) (citing Khadr v. United States, 529 F.3d 1112,

1115 (D.C. Cir. 2008)).  Additionally, under the FSIA specifically, the Court cannot enter default judgment against a foreign state "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e); see Roeder v. Islamic Republic of Iran, 333 F.3d 228, 232 (D.C. Cir. 2003).  The FSIA "leaves it to the court to determine precisely how much and what kinds of evidence the plaintiff must provide."  Karcher v. Islamic Republic of Iran, 396 F. Supp. 3d 12, 21 (D.D.C. 2019) (quoting Han Kim v. Democratic People's Republic of Korea, 774 F.3d 1044, 1047 (D.C. Cir. 2014)).

The "'satisfactory to the court' standard is identical to the standard for entry of default judgments against the United States in Federal Rule of Civil Procedure 55(e)" and "[i]n evaluating the plaintiffs' proof, the court may 'accept as true the plaintiffs' uncontroverted evidence.'"  Campuzano v. Islamic Republic of Iran, 281 F. Supp. 2d 258, 268 (D.D.C. 2003) (first quoting Hill v. Republic of Iraq, 328 F.3d 680, 684 (D.C. Cir. 2003); and then quoting Elahi v. Islamic Republic of Iran, 124 F. Supp. 2d 97, 100 (D.D.C. 2000)); see also Karcher, 396 F. Supp. 3d at 21 ("[U]ncontroverted factual allegations that are supported by admissible evidence are taken as true." (quoting Thuneibat, 167 F. Supp. 3d at 33)).

## II. Analysis

### A. Subject Matter Jurisdiction

"Pursuant to the FSIA, the Court has 'original jurisdiction' over 'nonjury civil action[s]' against foreign states 'without regard to amount in controversy' if the claims seek 'relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.'"  Karcher, 396 F. Supp. 3d at 53 (alteration in original) (quoting 28 U.S.C. § 1330(a)).  As the Court explained in its prior opinion, Plaintiffs easily meet the first three requirements:  they bring civil causes of action, do

not demand a jury trial, and seek *in personam* relief for "personal injury or death" against Iran, a foreign sovereign.  Burks I, 2022 WL 20588923, at *6.

Next, as the Court has already held, the terrorism exception found in 28 U.S.C. § 1605A applies to Iran.  That exception applies where (1) "money damages are sought" (2) "against a foreign state for" (3) "personal injury or death that" (4) "was caused" (5) "by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act." 28 U.S.C. § 1605A(a)(1); see Pennington v. Islamic Republic of Iran, No. 19-cv-796 (JEB), 2021 WL 2592910, at *2 (D.D.C. June 24, 2021); see also Oveissi v. Islamic Republic of Iran, 879 F. Supp. 2d 44, 51 (D.D.C. 2012); Wultz v. Islamic Republic of Iran, 864 F. Supp. 2d 24, 32 (D.D.C. 2012).  The statute additionally requires that: (1) the defendant be a designated state sponsor of terrorism; and (2) the "claimant or the victim" in the case was "a national of the United States," "a member of the armed forces," or "otherwise an employee of the Government of the United States," when the act happened.  28 U.S.C. § 1605A(a)(2)(A)(i)–(ii).

As the Court previously explained, Plaintiffs easily meet most of the requirements: they seek only money damages, Compl. ¶¶ 57–68, ECF No. 1; Iran is a designated State Sponsor of Terrorism, State Sponsors of Terrorism, Dep't of State, Bureau of Counterterrorism, https://bit.ly/2SQNecF (last visited Feb. 14, 2025); Plaintiffs are U.S. nationals; the victims of the relevant attacks are both U.S. nationals and members of the armed forces, Compl. ¶¶ 4–21, and Plaintiffs seek damages against a foreign state for personal injury or death.  Burks I, 2022 WL 20588923, at *6.

As to causation, the Court's prior opinion resolves this issue, too.  The Court already joined "other courts in this district in finding that Iran provided material support for virtually all

EFP attacks that occurred in Iraq between 2005 and 2011" and that "Iran's material support proximately caused the EFP attacks that injured or killed Plaintiffs." Id. at *7.  Plaintiffs have therefore met their burden as to causation.  Id.

Lastly, the statute requires that Plaintiffs' injuries be caused by "an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act." 28 U.S.C. § 1605A(a)(1).  The Court reiterates its finding that "the EFP attacks that killed Lieutenant [Peter] Burks and Captain [Benjamin] Tiffner and injured Captain [James] Hochstetler are 'extrajudicial killings' within the meaning of the statute." Burks I, 2022 WL 20588923, at *10.  The Court therefore has subject-matter jurisdiction over the Burks, Tiffner, and Hochstetler Plaintiffs' claims against Iran.

As to Plaintiff Sergeant Randolph Nantz, however, the Court held that absent further factual development, "the EFP attack that injured Sergeant Nantz was not an 'extrajudicial killing' under § 1605A." Id. at *10.  Nantz moves separately for an order staying issuance of a final judgment as to his claims until the resolution of the plaintiffs' request for en banc review and potential petition for certiorari in Borochov v. Islamic Republic of Iran, No. 22-7058 (D.C. Cir. 2024).  Renewed Mot. for Default Judgm. at 3–4.

In Borochov, the D.C. Circuit held that the FSIA's terrorism exception does not apply to attacks that did not kill anyone, including those where the perpetrator "attempted, but failed, to commit an extrajudicial killing." Borochov v. Islamic Republic of Iran, 94 F.4th 1053, 1061 (D.C. Cir. 2024).  The court denied appellants' petition for rehearing en banc in April 2024, and the mandate issued on May 3, 2024. Borochov v. Islamic Republic of Iran, No. 22-7058, Per Curiam Order (D.C. Cir. Apr. 25, 2024), Doc. No. 2051370; Mandate (D.C. Cir. May 3, 2024), Doc. No. 2052757.  Plaintiffs subsequently filed a petition for certiorari in the United States

Supreme Court, which remains pending.  Letter from the Clerk of the Supreme Court of the United States (Sep. 11, 2024), Doc. No. 2075194.  In a similar case, Judge Moss stayed the entry of final judgment on the claims of a subset of plaintiffs injured in an attack in which no one was killed.  See Force v. Islamic Republic of Iran, 610 F. Supp. 3d 216, 220 (D.D.C. 2022); Mar. 18, 2024 Minute Order ("Force Minute Order"), Force v. Islamic Republic of Iran, 16-cv-01468-RDM (D.D.C.).  The court also ordered Plaintiffs to file a status report within fourteen days of the Supreme Court's decision whether to grant certiorari in Borochov.  Force Minute Order.  This Court will follow suit and stay the entry of judgment on Nantz's claims until the Supreme Court has resolved the pending petition for certiorari in Borochov.

B.  Personal Jurisdiction and Service of Process

Under the FSIA, a court has personal jurisdiction over a foreign sovereign where the court has subject matter jurisdiction and "service has been made under" 28 U.S.C. § 1608.  See 28 U.S.C. § 1330(b); Lee v. Islamic Republic of Iran, 518 F. Supp. 3d 475, 494 (D.D.C. 2021) ("In other words, under the FSIA, subject matter jurisdiction plus service of process equals [personal] jurisdiction." (quoting GSS Grp. Ltd. v. Nat'l Port Auth., 680 F.3d 805, 811 (D.C. Cir. 2012))).

As the Court explained in its prior opinion, Plaintiffs have properly effected service on Iran under 28 U.S.C. § 1608(a)(4).  Burks I, 2022 WL 20588923, at *10–11.  The Court therefore has personal jurisdiction over Iran.

C.  Liability

There is "almost total 'overlap between the elements of § 1605A(c)'s cause of action and the terrorism exception to foreign sovereign immunity.'"  Lee, 518 F. Supp. 3d at 495–96 (quoting Salzman v. Republic of Iran, No. 17-cv-2475 (RDM), 2019 WL 4673761, at *15

(D.D.C. Sept. 25, 2019)).  Therefore, "a plaintiff that offers proof sufficient to establish a waiver of sovereign immunity under § 1605A(a) has also established entitlement to relief as a matter of law." Id.; see also Karcher, 396 F. Supp. 3d at 59 ("Given the overlap between the elements of this cause of action and the terrorism exception, Iran's liability has already been established ... by the conclusions of law set forth above."); Allan v. Islamic Republic of Iran, Civil Case No. 17-338 (RJL), 2019 WL 2185037, at *6 (D.D.C. May 21, 2019) ("[M]ost courts conduct the analysis together, since evidence sufficient to establish jurisdictional causation will almost always establish a theory of 'personal injury' necessary to prevail under § 1605A(c).").

Thus, as to all Plaintiffs except Nantz, "Iran's liability has already been established" by the Court's prior conclusions of law.  Karcher, 396 F. Supp. 3d at 59.  Therefore, the Court will grant Plaintiffs' motion for default judgment on the liability issue.

D.  Damages

The Court will appoint a special master to determine the appropriate measure of damages for individual Plaintiffs at issue.  "In determining the proper measure of damages, [t]he courts of the United States may appoint special masters to hear damages claims brought under the state-sponsored terrorism exception to the FSIA." Taylor v. Islamic Republic of Iran, 811 F. Supp. 2d 1, 17–18 (D.D.C. 2011) (quoting 28 U.S.C. § 1605A(e)(1)) (internal quotation marks omitted). The Court finds that appointing a special master in this case, as it has done in other multiple-plaintiff FSIA terrorism actions, would not create unreasonable expense or delay and would help efficiently resolve this action.  See Fed. R. Civ. P. 53(a)(3); Bathiard v. Islamic Republic of Iran, 16-cv-1549 (CRC), 2019 WL 3412983, at *5 (D.D.C. July 29, 2019); see also Taylor, 811 F. Supp. 2d at 17 (appointing a special master to assess damages claims in a multiple plaintiff FSIA case).

Plaintiffs request that the Court appoint Deborah Greenspan as Special Master to receive evidence concerning their damages and prepare proposed findings and recommendations for the Court's consideration.  Renewed Mot. for Default Judgm. at 12–13.  The Court has appointed Ms. Greenspan to serve as a special master in several recent cases and finds that she has done exemplary work.  See, e.g., Order Appointing Ms. Deborah Greenspan as Special Master at 1 (ECF No. 29), Bathiard v. Islamic Republic of Iran, 16-cv-01549-CRC (D.D.C.).  The Court will therefore proceed with her appointment in this case.

### III.  Conclusion

For the foregoing reasons, the Court will stay the entry of final judgment as to Plaintiff Nantz's claims and grant the other Plaintiffs' motion for default judgment.  A separate order accompanies this Memorandum Opinion, along with a separate order detailing the appointment of a special master to make recommendations to the Court on the issue of damages.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: February 27, 2025